**Marvous SAUNDER, Appellant,**

v.

**William HALL, an infant, by Robert Hall, father and next friend, and Robert Hall individually, Appellees.**

**No. 2667.**

Municipal Court of Appeals for the District of Columbia.

Argued Nov. 28, 1960.

Decided Dec. 30, 1960.

Walter J. Murphy, Jr., Washington, D. C., with whom H. Mason Welch, J. Harry Welch, J. Joseph Barse, Arthur V. Butler and James A. Welch, Washington, D. C., were on the brief, for appellant.

Theodore Kligman, Washington, D. C., for appellees.

Before HOOD and QUINN, Associate Judges, and CAYTON (Chief Judge, Retired) sitting by designation under Code § 11–776(b).

QUINN, Associate Judge.

■ This suit arose out of a motor vehicle accident. Appellant, defendant in the trial court, was the operator of an automobile which struck the minor appellee while he was in the process of crossing a street in or near an unmarked crosswalk. Trial was by the court and a finding was entered for appellees. The errors relied upon for reversal relate to the sufficiency of the evidence as to appellant's negligence, contributory negligence as a matter of law, and the admission of evidence as to the width of crosswalks. In view of the general finding, we have to accept the evidence most favorable to appellees' case.

■ There was conflicting evidence as to the speed of the automobile at the time of the accident, whether it was merely raining or whether there was a "cloudburst," whether the minor stopped at the curb and looked before entering the street,

whether he was dressed in light or dark clothing, and whether he pulled his jacket over his head before attempting to cross. All these conflicts presented factual problems which had to be decided by the trier of the facts, and our examination of the evidence leads us to the conclusion that it substantially supports the finding entered. As we have stated before, the power of this court begins and ends with a determination as to whether there is substantial evidence, contradicted or uncontradicted, which will support the conclusion reached by the trier. When two or more inferences can reasonably be deduced from the facts, the reviewing court is without power to substitute its deductions for those of the trial court. This rule is as applicable in reviewing findings of a judge as it is in considering a jury's verdict. In short, there is nothing in this case beyond the usual issue of credibility over factors involving ordinary negligence.

With regard to the contention concerning the evidentiary ruling, we are convinced, after an examination of the entire record, that appellant was not prejudiced thereby.

Affirmed.